# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| ANNA M. GASSLER, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | ) |
| | )      CV418-102 |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of | ) |
| Social Security, | ) |
| | ) |
|       Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Anna M. Gassler seeks judicial review of the Social Security Administration's denial of her application for Disability Insurance (DIB) benefits.

## I.    GOVERNING STANDARDS

In social security cases, courts

. . . review the Commissioner's decision for substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quotation omitted). . . . "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." *Winschel*, 631 F.3d at 1178 (quotation and brackets omitted). "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation omitted).

*Mitchell v. Comm'r, Soc. Sec. Admin.,* 771 F.3d 780, 782 (11th Cir. 2014).

The burden of proving disability lies with the claimant.   *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).   The ALJ applies

> . . . a five-step, "sequential" process for determining whether a claimant is disabled.   20 C.F.R. § 404.1520(a)(1).   If an ALJ finds a claimant disabled or not disabled at any given step, the ALJ does not go on to the next step.   *Id*. § 404.1520(a)(4).   At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity.   *Id*. § 404.1520(a)(4)(i).   At the second step, the ALJ must determine whether the impairment or combination of impairments for which the claimant allegedly suffers is "severe."   *Id*. § 404.1520(a)(4)(ii).   At the third step, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment.   *Id*. § 404.1520(a)(4)(iii).   If not, the ALJ must then determine at step four whether the claimant has the RFC[1] to perform her past relevant work.   *Id*. § 404.1520(a)(4)(iv).   If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant can make an adjustment to other work, considering the claimant's RFC, age, education, and work experience.   An ALJ may make this determination either by applying the Medical Vocational Guidelines or by obtaining the testimony of a [Vocational Expert].

*Stone v. Comm'r. of Soc. Sec. Admin.*, 596 F. App'x, 878, 879 (11th Cir.

---

[1]   At steps four and five, the ALJ assesses the claimant's residual functional capacity (RFC) and ability to return to her past relevant work.   *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004).   RFC is what "an individual is still able to do despite the limitations caused by his or her impairments."   *Id*. (citing 20 C.F.R. § 404.1545(a); *Moore v. Comm'r of Soc. Sec.*, 478 F. App'x 623, 624 (11th Cir. 2012).   "The ALJ makes the RFC determination based on all relevant medical and other evidence presented. In relevant part, the RFC determination is used to decide whether the claimant can adjust to other work under the fifth step."   *Jones v. Comm'r of Soc. Sec*., 603 F. App'x 813, 818 (11th Cir. 2015) (quotes and cite omitted).

2015) (footnote added).

## II.  ANALYSIS

Gassler, who was 58 years old when her disability application was denied, alleges disability beginning August 1, 2012.  Tr. 10.  She has a high school education and past work experience as a retail store manager, sandwich maker, and fast food worker/cashier.  Tr. 15, 31. After a hearing, the ALJ issued an unfavorable decision.  Tr. 10-16.  He found that Gassler's arthritis and obesity constituted severe impairments but did not meet or medically equal a Listing.  Tr. 12-13.  Based on the evidence of record, the ALJ found that she retained the RFC for the full range of work at all exertional levels except that Gassler

> can perform work with a Specific Vocation Preparation[2] equivalent to her past relevant work, or 1-2.  Additionally, [she] can frequently but not constantly stoop, crouch, kneel, crawl, and climb ramps and stairs; occasionally climb ladders, ropes, and scaffolds; and should avoid more than occasional exposure to hazardous machinery and unprotected heights.

Tr. 13 (footnote added).

The ALJ asked the Vocational Expert (VE) whether an individual

---

[2]   Specific Vocational Preparation (SVP) is the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation.  Dictionary of Occupational Titles (DOT), App.  C.

with plaintiff's RFC could perform any of her past relevant work.   Tr. 31.
The VE testified that she could.   *Id.*   Plaintiff, the ALJ thus
determined, was capable of performing her past relevant work as a fast
food worker/cashier, light work with an SVP of 2.   Tr. 15.   Gassler
disagrees, arguing that the ALJ erred by failing to address her rebuttal
evidence regarding her ability to work as a fast food worker as well as
her objections that the definition of fast food worker contained in the DOT
is outdated and fails to reflect the position as generally performed.   Docs.
18 & 20.

As defined in the DOT, fast food workers perform only light work,
exerting up to 20 pounds of force occasionally and up to 10 pounds of force
frequently.   DICOT 311.472-010.   That definition, however, has not
been updated since 1991.   *Id.*   In lieu of lodging contemporaneous
objections to the VE's hearing testimony, Gassler submitted a post-
hearing brief and two expert reports "rebutting" the VE's testimony that
she was capable of performing the work requirements of a fast food
worker.   Tr. 209-10; *see also* tr. 216-26 (Jamie Nadeau report) & 211,
230-33 (Paula Santagati reports).   She argues that, had the ALJ done
his job and addressed these reports, he could not have found her capable

of her past relevant work.    Docs. 18 & 20 (arguing that the reports show that a person with plaintiff's RFC could not perform the requirements of a fast food worker as *currently* performed, and that generally, the job of fast food worker as actually performed is medium work, contrary to the light work described in the DOT); *but see* tr. 32 (plaintiff's hearing testimony that, as part of her cashier duties, she had to get customers' food and drink orders but did not lift anything heavy).    The ALJ mentioned neither post-hearing report in his conclusion that Gassler could work as a fast food worker, basing his determination solely upon the VE's testimony and his own comparison of her RFC "with the physical and mental demands" of the job as set forth in the DOT.    Tr. 15-16 (*citing* DICOT 311.472-010).

It is worth emphasizing that no contemporaneous objection was made to the VE's expertise or testimony at the hearing.    All her objections about "surprise" testimony aside, doc. 20 at 5-6 n. 5, plaintiff already had Santagati's February 18, 2017 and Nadeau's February 17, 2016 reports long in hand when the hearing took place on April 20, 2017. Tr. 211 & 216-18.[3]    Santagati's opinion did not address the VE's later

---

[3]    This is not plaintiff's counsel's first attempt to manufacture a conflict post-hearing

testimony with any specificity, obviously, and she pointed only generally to the job's actual SVP requirement of 3 and the non-transferability of skills to sedentary jobs.   Tr. 210; *see also* tr. 230-33 (Santagati's post-hearing report generally describing fast food work as medium work and concluding, without any explication or citation to the record or the VE's testimony, that Gassler's past work was performed as medium work). Likewise, Nadeau's opinion did not touch on the VE's testimony, offered as it was over a year earlier, and it too explained only generally the demands of the occupation with no reference to Gassler's real limitations. Tr. 216-17.

Indeed, neither Santagati nor Nadeau said anything specific about Gassler's life, health, ability to work, or case.   Tr. 211, 216-18.   But, armed with this general vocational information about DICOT 311.472-010, Gassler could have cross examined the VE and elicited testimony particular to her ability to perform the requirements of work as a fast food worker.   She did not.   Tr. 30-35.   Plaintiff thus waived her

---

with a pre-hearing report generated by Ms. Santagati.  *See, nonexhaustively, Tena v. Berryhill*, 2019 WL 363623 (W.D. Va. Jan. 7, 2019); *Robert B. v. Comm'r*, 2018 WL 6003861 (D. Or. Nov. 14, 2018); *Looney v. Berryhill*, 2018 WL 3826778 (E.D. Va. Aug. 10, 2018); *Rosado v. Berryhill*, 2018 WL 816578 (E.D. Va. Jan. 22, 2018) (same); *Lara v. Berryhill*, 2017 WL 7790109 (S.D. Tex. Dec. 4, 2017); *Reeves v. Berryhill*, 2017 WL 3433706 (M.D. Pa. Aug. 10, 2017).

challenge to that testimony.   *Slone v. Berryhill*, 2018 WL 5729591 at *5

(N.D. Ind. Nov. 1, 2018) ("Had [plaintiff]'s attorney actually questioned

the VE's testimony on this topic at the hearing, the VE could have said

more about the resources and her methodology.   Claimants may forfeit

arguments concerning vocational expert testimony by failing to object to

the testimony during the hearing."); *Looney*, 2018 WL 3826778 at *12-13

(plaintiff waived his post-hearing objection based on Ms. Santagati's

generic report by failing to present it at the hearing); *Kidd v. Berryhill*,

2018 WL 3040894 at *4 (E.D. Ky. June 19, 2018) ("The Santagati report

and the DOT each existed at the time of the hearing, and [plaintiff] could

have presented the theories.").   The ALJ had no independent duty to

gather further evidence or convene a second hearing to pepper the VE

with questions that plaintiff could have raised initially.   *See Lindsley v.

Comm'r*, 560 F.3d 601, 606 (6th Cir. 2009) (rejecting claim that an ALJ

"did not interrogate VE Breslin with sufficient rigor"; "Lindsley was

afforded a full opportunity to cross-examine Breslin.   The ALJ had no

duty under S.S.R. 00-4p to interrogate him further.").

Plaintiff argues that the ALJ was obligated to inquire into her

objection.   Doc. 18 at 10-11.   But no such duty exists in this Circuit.

*See Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 449 (2d Cir. 2012) (rejecting Seventh Circuit's outlier position[4] that ALJs have any "duty to inquire" and collecting contrary authority); *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) ("A VE's recognized expertise provides the necessary foundation for his or her testimony.   Thus, no additional foundation is required.").   Plaintiff relies on the Hearings, Appeals, and Litigation Law Manual (HALLEX) to set forth an obligation that the ALJ must "rule" on objections to VE testimony regardless of when they are made.   Doc. 20 at 5-6 (*citing* HALLEX § I-2-6-74); *see also id.* at 6

---

[4]   In *Donahue v. Barnhart*, 279 F.3d 441, 446 (7th Cir. 2002), the Court of Appeals for the Seventh Circuit imposed a duty on Social Security proceedings akin to Fed. R. Evid. 702's requirements, holding that "experts should use reliable methods" in finding a decision to be "supported by substantial evidence."   But no other Circuit has followed them down this rabbit hole.   As explained succinctly by our sister circuit to the north:

> Admissibility of evidence before an ALJ presiding over Social Security proceedings is not subject to the Federal Rules of Evidence, and an ALJ is given express authority to assess the reliability of evidence offered.   *See* 42 U.S.C. § 405(b)(1) ("Evidence may be received at any hearing before the Commissioner of Social Security even though inadmissible under rules of evidence applicable to court procedure."); 20 C.F.R. § 404.950(c) ("[T]he administrative law judge may receive any evidence at the hearing that he or she believes is material to the issues. . . ."); *see also Richardson v. Perales*, 402 U.S. 389, 400 (1971) ("[S]trict rules of evidence, applicable in the courtroom, are not to operate at social security hearings so as to bar the admission of evidence otherwise pertinent[,] and . . . the conduct of the hearing rests generally in the examiner's discretion.").

*Purdy v. Berryhill*, 887 F.3d 7, 15 (1st Cir. 2018).   Thus, "the Seventh Circuit stands alone."   *Id.* at 16.

(explaining that Social Security Rulings (SSR) 13-2p requires ALJs to "follow all agency policies, including HALLEX.").   But the manual does not bind the agency and has no legal force.   *Schweiker v. Hansen*, 450 U.S. 785, 789 (1981).   And SSRs, which "represent precedent final opinions and orders and statements of policy and interpretations that we have adopted" (20 C.F.R. § 402.35(b)(1)), are not binding on the courts. *Fair v. Shalala*, 37 F.3d 1466, 1467 (11th Cir. 1994).

Even so, Plaintiff argues that the VE's testimony alone cannot comprise substantial evidence because it relied upon the DOT, an outmoded manual.   Docs. 18 & 20.   Under the regulations, a sufficient basis for vocational expert testimony can be the vocational expert's professional knowledge and experience as well as reliance on job information available from various governmental and other publications. *See* 20 C.F.R. §§ 404.1560(b)(2), 404.1566(d), 416.960(b)(2), & 416.966(d). The agency takes "administrative notice" of job information available from the DOT, Occupational Outlook Handbook, and other reliable publications to describe the requirements and existence of jobs in significant numbers either in the region where the claimant lives or in several regions of the country.   20 C.F.R. §§ 404.1566(d) and 416.966(d).

While plaintiff's "experts" relied on notices of job postings and fast food worker interviews, there is no obligation for the agency to take notice of them. *See id.*

Plaintiff's argument that the Court should remand so that the ALJ can evaluate evidence outside the DOT (doc. 18 at 4-5) is unavailing. "[E]ven assuming that [plaintiff] had validly raised the[ ] objections to the use of the DOT – they lack merit, because the DOT remains a valid source of job data used by the SSA." *Looney*, 2018 WL 3826778 *13. The Social Security Administration, after all, still explicitly relies upon the DOT, and only requires VE testimony to be consistent with the DOT. *See* SSR 00-4p ("In making disability determinations, we rely primarily on the DOT (including its companion publication, the SCO) for information about the requirements of work in the national economy."); ("Occupational evidence provided by a VE [ ] generally should be consistent with the occupational information supplied by the DOT."); *see also, e.g., Purdy*, 887 F.3d at 14 n. 10 (despite some criticisms of DOT obsolescence, the SSA "continues to treat the DOT as" reliable); *Gallo v. Comm'r*, 449 F. App'x 648, 650 (9th Cir. 2011) (reliance on VE's DOT-based testimony, though it contained "a seemingly antiquated reference

to typewriters," was proper: "VE testimony may become unreliable on account of a conflict with the DOT . . . but not on account of its compliance with the DOT."); *Ragland v. Berryhill*, 2018 WL 1757656 at *11 (E.D. Wis. Apr. 12, 2018) (explaining to plaintiff's counsel in *this case* that the DOT remains the controlling, "administratively noticed sources of vocational information, central to the agency's evaluation of vocational issues."). "Plaintiff cites to no legal authority for the wholesale abandonment of the DOT, and [the Court is] not willing to rely on 'common sense' as legal support for plaintiff's position." *Horner v. Berryhill*, 2018 WL 1394038 at *2 n. 1 (N.D. Ill. Mar. 20, 2018) (yet another case involving plaintiff's counsel in *this case*).

It is undisputed that the ALJ, in his written ruling, made no mention of either "expert" report or plaintiff's objection to the VE's testimony. His rejection of that rebuttal evidence, implicitly made in accepting the VE's testimony, is thus unexplained. Plaintiff again argues that remand is required, because the ALJ was compelled to explicitly provide an explanation for his reasoning. Docs. 18 & 20. But "[a]n ALJ does not have to state on the record every reason justifying a decision." *Brault*, 683 F.3d at 448 (affirming agency decision where ALJ

did not mention either plaintiff's objection or rebuttal vocational evidence). "Although required to develop the record fully and fairly, an ALJ is not required to discuss every piece of evidence submitted." *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998). "An ALJ's failure to cite specific evidence does not indicate that such evidence was not considered." *Id*. (cite omitted). The ALJ's implicit rejection of plaintiff's waived objections and non-specific post-hearing evidence is not reversible error.

At bottom, plaintiff asks the Court to reweigh the evidence, which it cannot do. "[T]he mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004). Substantial evidence supporting the ALJ's articulated reasons is all that is required to uphold the ALJ's decision, and, as fully detailed above, the record contains evidence supporting the ALJ's reasoning — other possible outcomes notwithstanding. *See Adefemi*, 386 F.3d at 1027; *Foote*, 67 F.3d at 1561-62; *Jones v. Dep't of Health & Hum. Servs.*, 941 F.2d 1529, 1532 (11th Cir. 1991). "No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is

reason to believe that the remand might lead to a different result." *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989).

## III.  CONCLUSION

Because plaintiff has failed to demonstrate that the ALJ's decision is unsupported by substantial evidence in the record, the Commissioner's final decision should be **AFFIRMED**.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.   Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.   The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."   Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.   The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).   The parties are advised that failure to timely file objections will result in the waiver of

rights on appeal.   11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this   6th   day of February, 2019.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA